Electronically Filed
Intermediate Court of Appeals
CAAP-13-0004229
12-MAY-2015
08:56 AM

NO. CAAP-13-0004229

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


In the Matter of the Application
of
LUCKIE LEE KALEIKINI RODENHURST,
ROXANNE A'OPOHAKUKU CRAIG-RODENHURST,
KANAI RODENHURST, ONEPOOKELA S. RODENHURST,
HENRY R. JAMES III, and KEALA RODENHURST to Declare
Void Certificate of Title No. CTI 988,098 and to Declare
Void Mortgagees Quitclaim Deed Pursuant to Power
of Sale, Said Documents Recorded As Nos. 3977456,
and 2010-096223 Respectively, in the Bureau of
Conveyances for the State of Hawai'i,
Petitioners/Appellants


APPEAL FROM THE LAND AND TAX APPEAL COURT
(1L.D. NO. 12-1-3010)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Petitioners-Appellants Luckie Lee Kaleikini Rodenhurst,
Roxanne A'opohakuku Craig-Rodenhurst, Kanai Rodenhurst,
Onepookela S. Rodenhurst, Henry R. James III, and Keala
Rodenhurst (collectively, **Appellants**) appeal from the September
19, 2013 Judgment entered in the Land and Tax Appeal Court[1] of
the State of Hawai'i (**land court**) in favor of Respondents-
Appellees HSBC Bank USA, N.A. (**HSBC**) and RCO Hawai'i, LLLC (**RCO**).
The Judgment expressly dismissed the Appellants' "Petition in its
entirety with prejudice," and was entered pursuant to the land
court's

---

[1]     The Honorable Gary W.B. Chang presided.

(1) June 25, 2013 "Order Granting [HSBC's] Motion to Dismiss Petition For Revocation of Land Court Certificate of Title No. CTI 988,098 and 'Mortgagee Quitclaim Deed Pursuant to Power of Sale' Recorded Under Document Nos. 3977456 and 2010-096223, Filed April 3, 2013," which dismissed Appellants' September 10, 2012 "Petition For Revocation of Land Court Certificate of Title No. CTI 988,098 and 'Mortgagee Quitclaim Deed Pursuant to Power of Sale' Recorded Under Document Nos. 3977456 and 2010-096223" (**Petition**); and

(2) the August 8, 2013 "Order Granting [RCO's] Joinder in [HSBC's] Motion to Dismiss Petition For Revocation of Land Court Certificate of Title No. CTI 988,098 and 'Mortgagee Quitclaim Deed Pursuant to Power of Sale' Recorded Under Document Nos. 3977456 and 2010-096223."

On appeal, Appellants contend the land court erred in

(1) granting HSBC's April 3, 2013 motion to dismiss and RCO's April 17, 2013 joinder to HSBC's motion to dismiss on the grounds of res judicata and collateral estoppel because the March 20, 2013 final judgment rendered by the U.S. District Court for the District of Hawai'i (**federal district court**) had not yet been issued when the Appellants filed their Petition; and

(2) concluding, based on an incorrect interpretation of the land court's enabling statute, that the federal district court had authority in a prior lawsuit filed March 23, 2010 (**first lawsuit**) by Luckie Lee Kaleikini Rodenhurst and Roxanne A'opohakuku Craig-Rodenhurst (**Mortgagors-Appellants**) to determine whether HSBC's certificate of title and quitclaim deed were void due to wrongful foreclosure proceedings.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Appellants' appeal is without merit because the federal district court had authority to determine whether or not the foreclosure proceedings at issue were wrongful and the Appellants' Petition was barred by res judicata.

2

I.   **The land court did not err in interpreting its enabling statute to provide the federal district court with concurrent jurisdiction over suits challenging the validity of foreclosure proceedings.**

The land court's enabling statute, Hawaii Revised Statutes (**HRS**) § 501-1 (2006 Repl.),[2] gives the land court "(1) exclusive original jurisdiction over applications for registration of land, and (2) concurrent jurisdiction over issues brought pursuant to chapter 501 that arise after the initial registration of land in land court." Childs v. Harada, 130 Hawai'i 387, 404, 311 P.3d 710, 727 (App. 2013), cert. denied, No. SCWC-29968, 2014 WL 1976600 (Haw. May 15, 2014). This exclusive original jurisdiction includes amendments or alterations to a certificate of title. Id. at 405, 311 P.3d at 728. The concurrent jurisdiction includes title disputes concerning registered land. Id.

In the first lawsuit, Mortgagors-Appellants alleged the federal district court had jurisdiction over their state law claims pursuant to 28 U.S.C. § 1367(a) (2012) "because the factual matters underlying the federal and state claims are closely related, making disposition of all claims proper and necessary." Under 28 U.S.C. § 1367(a), a federal district court has supplemental jurisdiction over a party's state law claims when such claims "are so related to" the party's federal law claims "that they form part of the same case or controversy . . . ." We agree with the Mortgagors-Appellants that the federal district court had supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. § 1367(a), and therefore conclude that the federal district court had authority

---

2       HRS § 501-1 provides in relevant part that the land court:

> **§501-1 Court; jurisdiction; proceedings; location; rules, practices, etc.** . . . shall have exclusive original jurisdiction of all applications for the registration of title to land and easements or rights in land held and possessed in fee simple within the State, with power to hear and determine all questions arising upon such applications, and also have jurisdiction over such other questions as may come before it under this chapter[.]

3

to determine the validity of the foreclosure proceedings at issue pursuant to its concurrent jurisdiction with the land court.

**II.   The land court did not err because Appellants' Petition was barred by the doctrine of res judicata.**

The Appellants argue that neither res judicata nor collateral estoppel barred their Petition. The land court, however, concluded that the Appellants' Petition was barred by the doctrine of res judicata, and made no mention of collateral estoppel. Our review is therefore limited to the issue of whether or not the land court erred in applying res judicata.[3]

> The purpose of the doctrine of res judicata is to prevent a multiplicity of suits and to provide a limit to litigation. It serves to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication. The res judicata doctrine thus furthers the interests of litigants, the judicial system and society by bringing an end to litigation where matters have already been tried and decided on the merits. It is a rule of fundamental and substantial justice, of public policy and private peace.
>
> The doctrine therefore permits every litigant to have an opportunity to try his case on the merits; but it also requires that he be limited to one such opportunity. Unsatisfied litigants have a remedy: they can appeal through available channels. But they cannot, even if the first suit may appear to have been decided wrongly, file new suits.

Kauhane v. Acutron Co., 71 Haw. 458, 463-64, 795 P.2d 276, 278-79 (1990) (citations, internal quotation marks, and brackets omitted).

Res judicata bars relitigation when the same parties from a prior lawsuit, or their privies, attempt to bring claims that arose from "the same subject matter" as the prior lawsuit. Tortorello v. Tortorello, 113 Hawai'i 432, 439, 153 P.3d 1117, 1124 (2007) (emphasis omitted). The party asserting res judicata must establish that:

---

[3]      Res judicata, or claim preclusion, and collateral estoppel, or issue preclusion, are doctrines that limit a litigant to one opportunity to litigate aspects of the case to prevent inconsistent results and multiplicity of suits and to promote finality and judicial economy. [These doctrines] are, however, separate [and] involve distinct questions of law.

Bremer v. Weeks, 104 Hawai'i 43, 53, 85 P.3d 150, 160 (2004) (citation, internal quotation marks, footnote, and brackets omitted).

(1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim presented in the action in question is identical to the one decided in the original suit, or to a claim or defense that might have been properly litigated in the first action but was not litigated or decided.

E. Sav. Bank, FSB v. Esteban, 129 Hawai'i 154, 160, 296 P.3d 1062, 1068 (2013).

Here, the land court did not err in concluding that Appellants' Petition was barred by the doctrine of res judicata because HSBC satisfied the three-part test set forth by Esteban. First, the federal district court entered a final judgment on the merits on March 20, 2013, prior to the land court's June 25, 2013 order granting HSBC's motion to dismiss Appellants' Petition, and the Mortgagors-Appellants did not appeal the first lawsuit. Second, HSBC and the Mortgagors-Appellants were parties to the first lawsuit and Kanai Rodenhurst, Onepookela S. Rodenhurst, Henry R. James III, and Keala Rodenhurst were in privity with the Mortgagors-Appellants because their alleged interests in the Property as tenants and beneficiaries of the Mortgagors-Appellants derived from the Mortgagors-Appellants' interests in the Property. See State by Price v. Magoon, 75 Haw. 164, 191, 858 P.2d 712, 725 (1993) (holding that res judicata barred a party from litigating the issue of ownership of a parcel of real property because the party was in privity with his predecessors in interest who were parties to a prior lawsuit that issued a final judgment on the merits as to ownership). And third, in both lawsuits, Appellants raised the same claim that the foreclosure proceedings were wrongful and therefore HSBC's certificate of title and quitclaim deed should be declared void. Both lawsuits arose from the same subject matter or underlying facts and raised the same claim. Kauhane, 71 Haw. at 464, 795 P.2d at 279 ("To determine whether a litigant is asserting the same claim in a second action, the court must look to whether the 'claim' asserted in the second action arises out of the same transaction, or series of connected transactions, as the 'claim' asserted in the first action.").

Therefore,

IT IS HEREBY ORDERED that the September 19, 2013 Judgment entered in the Land and Tax Appeal Court of the State of Hawaiʻi is affirmed.

DATED:  Honolulu, Hawaiʻi, May 12, 2015.

On the briefs:

Sandra D. Lynch
for Petitioners-Appellants.

Patricia J. McHenry
Amanda M. Jones
Michi Momose
(Cades Schutte)
for Respondent-Appellee HSBC
Bank USA, N.A.

*Craig H. Nakamura*

Chief Judge

*Daniel R. Foley*

Associate Judge

*Jim McHenry*

Associate Judge